**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michelle Lynn Flynn, | No. CV-20-08308-PCT-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Michelle Lynn Flynn's Application for Supplemental Security Income ("SSI") benefits by the Social Security Administration ("SSA") under the Social Security Act. Plaintiff filed a Complaint (Doc. 1) seeking judicial review of that denial and an Opening Brief (Doc. 27). Defendant SSA filed an Answering Brief (Doc. 28), and Plaintiff filed a Reply (Doc. 29). The Court has reviewed the briefs and Administrative Record (Doc. 22, "AR"), and affirms the Administrative Law Judge's ("ALJ") decision (AR at 18–33) for the reasons addressed herein.

## I. BACKGROUND

Plaintiff filed her application for SSI benefits on December 21, 2016, alleging a disability beginning on December 11, 2014. (AR 18.) Plaintiff subsequently amended her disability onset date to December 21, 2016. Plaintiff's Application was initially denied on May 12, 2017, and upon reconsideration on December 20, 2017. (*Id.*) A hearing was held before ALJ Patricia A. Bucci on December 2, 2019, however, the Plaintiff did not appear at that hearing. (*Id.*) A subsequent hearing was held on March 30, 2020. Plaintiff's

1    Application was denied in a decision by the ALJ on May 11, 2020.  (*Id*. at 23.)  Thereafter,

2    the Appeals Council denied Plaintiff's Request for Review (AR 16–18), and this appeal

3    followed.  (Doc. 1.)

4          After considering the medical evidence and opinions, the ALJ evaluated Plaintiff's

5    disability claim based on the severe impairments of degenerative disc disease of the

6    cervical spine status post fusion, degenerative disc disease of the lumbar spine, left

7    shoulder impingement status post arthroscopy, obesity, carpal tunnel syndrome, ulnar

8    neuropathy, bipolar disorder, and anxiety disorder.  (AR 22.)  While the ALJ noted that

9    Plaintiff's severe impairments limited her ability to perform basic work activities, the ALJ

10   determined that Plaintiff had the residual functional capacity ("RFC") to perform light

11   work:

12            [Plaintiff has the RFC] to perform light work as defined in 20
              CFR 416.967(b) except with the following limitations:
13            frequent upper pushing or pulling bilaterally; no climbing of
              ladders, ropes, or scaffolds; occasional climbing of ramps and
14            stairs, balancing, stooping, crouching, kneeling, and crawling;
              occasional overhead reaching bilaterally; frequent bilateral
15            handling and fingering; occasional exposure to nonweather
              related extreme cold or extreme heat; occasional exposure to
16            excessive vibration; occasional exposure to pulmonary irritants
              and poorly ventilated areas; no exposure to dangerous
17            machinery; no exposure to unprotected heights; and is limited
              to work involving understanding, remembering, and carrying
18            out simple instructions with only occasional in person
              interaction with the general public.
19

20   (AR 23.)  Accordingly, the ALJ found that Plaintiff was not disabled.  (AR 25.)

21          The sole issue Plaintiff raises on appeal is that the ALJ failed to develop the record

22   below, resulting in an opinion that was not based on substantial evidence.  (Doc. 27.)

23   Specifically, the Plaintiff contends that the ALJ "failed to obtain timely opinion evidence

24   in light of significant medical procedures."  (Doc. 27 at 1.)  The Commissioner argues that

25   the record was fully developed, and that Plaintiff's counsel has forfeited any challenge on

26   appeal as counsel submitted a letter to the ALJ "request[ing] that the post hearing

27   development stage of this claim be closed."  (Doc. 28 at 4, *citing* AR 19, 446.)

28   ///

1

## II.    LEGAL STANDARDS

An ALJ's factual findings "shall be conclusive if supported by substantial evidence." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019).  The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error.  *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).  Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole.  *Id.*  Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).  Whether the Commissioner's decision is supported by substantial evidence "is a highly deferential standard of review." *Valentine v. Comm'r of Soc. Sec.*, 574 F.3d 685, 690 (9th Cir. 2009).  In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the movant.  *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

"In Social Security cases, the ALJ has a special duty to develop the record fully and fairly and to ensure that the claimant's interests are considered, even when the claimant is represented by counsel." *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001).  However, "[a]n ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Id.* at 459–60.  And "[a]t all times, the burden is on the claimant to establish her entitlement to disability insurance benefits." *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998), as amended (Jan. 26, 1999).  Moreover, the proper venue by which to seek development of the record is before the ALJ.  *See Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999), as amended (June 22, 1999) ("[A]t least when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal."); *see also Shaibi v. Berryhill*, 883 F.3d 1102, 1109 (9th Cir. 2017).

///

### III.   ANALYSIS

The sole issue in this matter is whether the ALJ failed to fully develop the record. The crux of Plaintiff's argument is that the ALJ erred in not soliciting additional medical opinion evidence before making a disability determination.  (Doc. 27 at 22.)  Plaintiff contends that the evidence of record was not "conducive to layperson ALJ assessment." (*Id.*)  The Commissioner argues that Plaintiff had the opportunity to request further development of the record, did so, and subsequently requested the record be closed.  (Doc. 28 at 2–3.)  Therefore, the Commissioner argues that the Plaintiff has forfeited any right to argue that the ALJ did not fully develop the record on appeal.  (Doc. 28 at 3.)  Moreover, the Commissioner argues that the record, containing 2,600 pages of evidence, was more than adequate for the ALJ to fulfill her duties proscribed under law and make a disability determination.  (*Id.* at 5.)

At the administrative hearing, Plaintiff's counsel was asked by the ALJ if there was a request to hold the record open to further develop the record.  Counsel responded that he needed a couple of weeks to submit additional records and the ALJ held the record open for counsel to submit those records.  (AR 19, 46, 65.)  Within that time period, counsel submitted additional records and the ALJ exhibited them in the AR.  (*Id.* at 19, 2570–2606.) On April 10, 2020, counsel submitted a letter informing the ALJ that all evidence had been submitted and "request[ed] that the post hearing development stage of this claim be closed."  (*Id.* at 19, 446.)  Following counsel's letter, the ALJ closed the record and the case was considered submitted for decision.  (*Id.*)

Numerous courts in this Circuit have held that an attorney's statement that the record is complete forecloses an argument that the ALJ failed to develop the record.  *See Randolph v. Saul*, No. 2:18-cv-00555-CLB, 2020 WL 504667, at *8 (D. Nev. Jan. 31, 2020) (no duty to develop record where "the ALJ specifically asked Randolph's counsel if the record was complete, to which the attorney responded, 'yes'"); *Findley v. Saul*, No. 1:18-cv-00341-BAM, 2019 WL 4072364, at *6 (E.D. Cal. Aug. 29, 2019) ("The record contained what appears to be Plaintiff's complete treatment records, which supported the ALJ's findings

and did not present an ambiguity or inadequacy. Indeed, the Court notes that at the hearing, the ALJ asked Plaintiff's attorney if the record was complete, and he responded, 'It is indeed'"); *Moruzzi v. Astrue*, No. EDCV 11-02040-AJW, 2012 WL 5412106, at *10 (C.D. Cal. Nov. 5, 2012) ("The ALJ had no obligation to search for additional records when plaintiff's attorney affirmatively represented that the records were complete"); *Duenas v. Shalala*, 34 F.3d 719, 722 (9th Cir.1994) (holding that the ALJ did not violate her duty to develop the record where "[n]o request was made of the ALJ to develop the record, and it is unclear what further the ALJ could have done"). The same is true here. Not only did Plaintiff's attorney inform the ALJ that the record was complete, Plaintiff's attorney also affirmatively asked the ALJ to close the record. (AR 446.) Allowing a de novo hearing as Plaintiff requests would amount to faulting the ALJ for taking Plaintiff at her word that the record could be closed and a decision entered.

Moreover, Plaintiff has not shown that the record before the ALJ was either ambiguous or inadequate to allow for proper evaluation of her claim. *See* Findley, 2019 WL 4072364, at *6. Moreover, the record appears to contain the Plaintiff's complete treatment records, and substantial evidence supports the ALJ's decision. For example, the ALJ adequately addressed the longitudinal treatment record, Plaintiff's alleged impairments and symptom testimony, and medical opinion evidence. (AR 23–31.) The Court finds no ambiguity or inadequacy here.

Finally, Plaintiff argues that despite the Commissioner's arguments that the ALJ is the person with whom the disability determination rests, that "the ALJ is, in fact, a layperson." (Doc. 29 at 1–2.) The Court declines to address this argument given its findings based on counsel's representations regarding the completeness of the record. Besides, "[i]t is clear that it is the responsibility of the ALJ, not the claimant's physician, to determine residual functional capacity." *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001).

**IV.    CONCLUSION**

Plaintiff has not established that the ALJ erred by failing to further develop the

record.  Therefore, the request for a *de novo* hearing is denied and the decision of the ALJ is affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the Administrative Law Judge's May 11, 2020 decision is **affirmed**, as upheld by the Appeals Council on September 21, 2022.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly and dismiss this action.

Dated this 18th day of August, 2022.

Michael T. Liburdi
United States District Judge